FILED
Statesville, NC

SEP 24 2024

Clerk, US District Court
Western District of NC

ANWAR A. AALAAM
c/o Anwar Aalaam
100 Brookmeade Drive
Statesville, North Carolina [28625]
Phone Number: (916) 365-5291
Email: anwar.aalaam@gmail.com

Hand-Delivered

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

# STATESVILLE, NORTH CAROLINA

| | |
|---|---|
| ANWAR A. AALAAM - VESSEL,<br><br>c/o Anwar A. Aalaam – Living Man<br><br>Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>Defendant(s) | Case No.: 5:24-cv-209-KDB<br><br>**ORIGINAL COMPLAINT:**<br><br>**I. VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681E(B)**<br>**II. VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681I**<br>**III. VIOLATION OF 15 U.S.C. § 1681B – UNAUTHORIZED FURNISHING OF INFORMATION**<br>**IV. VIOLATION OF UCC § 3-603 – DISHONOR OF TENDER**<br>**V. DEFAMATION OF CHARACTER** |

## COMPLAINT

**COMES NOW**, Anwar Aalaam (hereinafter Plaintiff), proceeding in propria persona, and files this civil lawsuit against TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. (hereinafter Defendants) for willful violations of the Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), and other related statutes governing the unauthorized reporting of consumer information. This action relates to the unauthorized reporting of Plaintiff's personal credit data and Defendants' failure to correct inaccuracies after numerous dispute notices.

ANWAR AALAAM ORIGINAL COMPLAINT: - 1 -

Plaintiff hereby alleges as follows:

## INTRODUCTION

This action is a civil complaint filed by Anwar Aalaam (hereinafter Plaintiff) against TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. (hereinafter Defendants) for misconduct related to their unauthorized reporting of Plaintiff's credit accounts without written consent, failure to investigate Plaintiff's disputes, and continued violations of Plaintiff's privacy rights under federal law.

Defendants' actions violate the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, the Uniform Commercial Code (UCC), and various privacy statutes including 12 CFR § 1016.7 and 15 U.S.C. § 6802, causing substantial financial and emotional harm to Plaintiff.

Plaintiff has suffered significant financial harm due to the continued reporting of unauthorized accounts, which resulted in multiple denials for credit, including:

- A denial from Lendmark Financial Services dated 07/03/2024 for $5,001.00 for a vehicle purchase.
- A denial from Capital One dated 12/05/2023 for a credit card.
- A denial from OneMain Financial dated 06/14/2024 for $18,500 for a vehicle loan.
- A denial from United Federal Credit Union dated 06/15/2024 for $18,500 for a vehicle loan.

Additionally, Plaintiff's credit score has plummeted from over 690 to as low as 480 during the course of these disputes. The ongoing violations have also caused Plaintiff to endure emotional distress, including anxiety and stress, related to the degradation of his personal and financial reputation.

ANWAR AALAAM ORIGINAL COMPLAINT: - 2 -

Plaintiff demands that his *pro se* be recognized and treated by this Chancery Court as the United States Supreme Court, US District Courts, and Georgia Supreme Court have held such status be recognized and treated. It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim. *See, e.g., Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981) (noting "well-established requirement that pro se pleadings be held to less stringent standards than those prepared by counsel"); *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir. 1985) (*pro se* complaint is not frivolous unless it is "beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief"); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (less stringent standards for *pro se* complaint).

Not only is the district court to view the *pro se* complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigants are given fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (citations omitted).

## **THE PARTIES**

This action concerns credit reporting violations and unauthorized furnishing of information by Defendants related to Plaintiff Anwar Aalaam, residing in the State of North Carolina, County of Iredell.

ANWAR AALAAM ORIGINAL COMPLAINT: - 3 -

Plaintiff Anwar Aalaam resides at c/o 100 Brookmeade Dr., Statesville, NC [28625], and has been directly affected by the credit reporting inaccuracies caused by Defendants.

Defendants, TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., are consumer reporting agencies regularly engaging in business in the State of North Carolina. All Defendants are responsible for furnishing and reporting consumer credit information, and each has failed to comply with the proper procedures required under federal law to ensure the accuracy and legality of the information reported to third parties.

TransUnion, LLC is a corporation organized under the laws of Delaware with its principal place of business located in Chicago, Illinois. TransUnion regularly provides credit reporting services to consumers and businesses in North Carolina.

Equifax Information Services, LLC is a corporation organized under the laws of Georgia with its principal place of business located in Atlanta, Georgia. Equifax provides credit reporting services to businesses and consumers in North Carolina.

Experian Information Solutions, Inc. is a corporation organized under the laws of Ohio, with its principal place of business located in Costa Mesa, California. Experian provides credit reporting services to businesses and consumers in North Carolina.

Each Defendant is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), and all Defendants furnish consumer reports for the purposes of providing consumer credit information to third parties.

### JURISDICTION AND VENUE

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Fair Credit Reporting Act (FCRA).

ANWAR AALAAM ORIGINAL COMPLAINT: - 4 -

Jurisdiction is also proper under 28 U.S.C. § 1332(a)(1) as there exists diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, as Plaintiff seeks compensatory and punitive damages for ongoing financial and reputational harm caused by Defendants.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants regularly conduct business in North Carolina, and the actions giving rise to this complaint occurred within this District. This Court maintains proper jurisdiction and venue in accordance with the Rooker-Feldman doctrine, which does not apply here as this is not an appeal of a state court judgment. In *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n. 3 (2002)*, the Court held that "the Rooker-Feldman doctrine does not apply to a suit seeking review of state agency action."

## **RULE OF LAW**

This cause, being a complaint in exclusive equity jurisdiction, cites the rule of law as follows: "Equity having power and the court having jurisdiction, decrees can conform to the exigencies of the suits and award appropriate relief under the complainant's general prayer." *United States v. Cooper, 217 F. 846, 847 (D. Mont. 1914).*

It is established that "while a court of equity, having once obtained jurisdiction of a cause, will retain it for all purposes and administer complete relief, yet in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction both alleged and proven." *Gentry-Futch Company v. Gentry, 90 Fla. 595, 106 So. 473.* "Where the equitable jurisdiction of the court has properly been invoked, the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law." *Porter v. Warner Holding Co., 328 U.S. 395, 399 (1946).*

ANWAR AALAAM ORIGINAL COMPLAINT: - 5 -

## FACTUAL ALLEGATIONS

Plaintiff disputes several unauthorized accounts reported by Defendants on his credit reports, including:

- USAA FED SVG BK – Account #1131606434
- CAPITAL ONE – Account #5156769583874848
- DISCOVER BANK – Account #6011014030235514
- AMERICAN EXPRESS – Account #379789438021009
- SYNCHRONY BANK/PPC – Account #6044191042016966
- SYNCHRONY BANK/LL FLOORING – Account #6034611610560329
- VERIZON WIRELESS/SOUTHEAST – ACCOUNT # 9712659980****

Plaintiff formally disputed these accounts with Defendants on January 31, 2024, February 15, 2024, April 22, 2024, August 09, 2024, and September 16, 2024. In addition, Plaintiff filed complaints with the Consumer Financial Protection Bureau (CFPB) on April 1, 2024, May 16, 2024, June 14, 2024, and July 4, 2024.

Defendants were notified of these disputes and provided evidence showing the accounts were unauthorized and inaccurate. The accounts had been placed into billing error and cease-and-desist status with the original creditors, who failed to provide necessary documentation to validate the debts, as required under 15 U.S.C. § 1666 and UCC § 3-603.

Under UCC § 3-603(b), when a tender of payment is made and refused, the obligation is discharged. Despite Plaintiff fulfilling his obligations under UCC § 3-603, Defendants continued to report these accounts inaccurately.

ANWAR AALAAM ORIGINAL COMPLAINT: - 6 -

Plaintiff also exercised his right to opt out of the reporting of these accounts under 12 CFR § 1016.7 and 15 U.S.C. § 6802, but Defendants disregarded these statutory requirements by continuing to furnish unauthorized information.

Defendants failed to comply with 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to maintain reasonable procedures to ensure the maximum possible accuracy of the information they report. Defendants also violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's disputes.

Proof of Willfulness or Negligence:

While Plaintiff provided adequate notice and submitted formal disputes, Defendants failed to comply with the law by continuing to report unauthorized and inaccurate information. Under 15 U.S.C. § 1681n (willfulness) and 15 U.S.C. § 1681o (negligence), Defendants may argue that any mistakes were inadvertent or that they followed industry-standard procedures. However, Plaintiff will demonstrate that Defendants received certified mail correspondence and formal disputes, proving that Defendants were fully aware of the inaccuracies and still chose not to act, thereby acting willfully or negligently.

Reinvestigation Efforts:

Defendants may argue that they conducted reasonable reinvestigations under 15 U.S.C. § 1681i but were reliant on the data provided by the original creditors. However, Plaintiff provided the credit reporting agencies with copies of the certified mail correspondence sent to the creditors, which contained direct proof that the validity of the debts was challenged, that there was a cease-and-desist in place, and that Plaintiff had opted out of third-party reporting. As such, their investigation and reinvestigations could not have been accurate if they were properly conducted.

ANWAR AALAAM ORIGINAL COMPLAINT: - 7 -

Defendants failed to investigate beyond the creditors' data despite the fact that Plaintiff had provided irrefutable documentation.

As a result of Defendants' willful violations, Plaintiff has suffered financial harm, denial of credit, reputational damage, and emotional distress. Specifically, Plaintiff was denied credit by:

- Lendmark Financial Services on 07/03/2024 for a vehicle purchase loan of $5,001.00,
- Capital One on 12/05/2023 for a credit card,
- OneMain Financial on 06/14/2024 for $18,500 for a vehicle loan,
- United Federal Credit Union on 06/15/2024 for $18,500 for a vehicle loan.

Plaintiff's credit score, which was over 690 before these disputes, has since plummeted to as low as 480 due to Defendants' actions.

## I. FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681e(b)

Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein. Plaintiff allege that Defendants willfully violated 15 U.S.C. § 1681e(b) by failing to establish reasonable procedures to assure the maximum possible accuracy of the information they reported. "A credit reporting agency is held to a standard of requiring procedures to assure the maximum possible accuracy," as emphasized in *Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986)*. Plaintiff's credit reports were riddled with inaccurate and unauthorized information due to Defendants' failure to maintain these procedures.

Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## II. SECOND CAUSE OF ACTION

ANWAR AALAAM ORIGINAL COMPLAINT: - 8 -

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681i

Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein. Plaintiff allege that Defendants violated 15 U.S.C. § 1681i by failing to conduct a proper reinvestigation of Plaintiff's disputes, as required by law. In *Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997)*, the court held that "a credit reporting agency must conduct a reasonable reinvestigation once it is notified of a dispute concerning the accuracy of its reporting." Defendants' failure to conduct such a reinvestigation in Plaintiff's case caused further harm to Plaintiff.

Plaintiff is entitled to damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for Defendants' failure to reinvestigate.

### III. THIRD CAUSE OF ACTION

### VIOLATION OF 15 U.S.C. § 1681b – UNAUTHORIZED FURNISHING OF INFORMATION

Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein. Plaintiff allege that Defendants furnished unauthorized information without obtaining Plaintiff's consent, violating 15 U.S.C. § 1681b. "A consumer report may be furnished only for permissible purposes, and where no such purpose exists, the furnishing of such information is unlawful," as established in *Andrews v. TRW, Inc., 225 F.3d 1063 (9th Cir. 2000)*.

Plaintiff is entitled to damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### IV. FOURTH CAUSE OF ACTION

### VIOLATION OF UCC § 3-603 – DISHONOR OF TENDER

The accounts in question were subject to discharge under UCC § 3-603 as Plaintiff made a tender of payment, which was improperly refused by the original creditors. As established in *Doo*

ANWAR AALAAM ORIGINAL COMPLAINT: - 9 -

*v. First Nat. Bank of Tahoka, 386 S.W.2d 567 (Tex. Civ. App. 1965)*, "When tender of payment is made and refused, the obligation is discharged." Despite Plaintiff's proper tender of payment, Defendants failed to investigate and continued to report the debts inaccurately, thus violating UCC principles governing dishonor of tender.

Plaintiff is entitled to damages as Defendants' continued reporting after the discharge of the debt caused significant harm.

## V. FIFTH CAUSE OF ACTION

### DEFAMATION OF CHARACTER

Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein. Plaintiff allege that Defendants defamed Plaintiff's character by reporting false and unauthorized information on Plaintiff's credit reports, damaging his reputation and financial standing. In *Texas Commerce Bank v. Grizzle, 96 F.3d 1444 (5th Cir. 1996)*, the court recognized that false credit reporting could support a claim for defamation. Defendants' reckless conduct in publishing inaccurate information about Plaintiff has caused denial of credit, emotional distress, and financial harm.

Plaintiff is entitled to actual, statutory, and punitive damages for defamation of character under applicable federal and state laws.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anwar Aalaam respectfully requests that this Court enter judgment against each Defendant, TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., individually and jointly, as follows:

ANWAR AALAAM ORIGINAL COMPLAINT: - 10 -

1. An order requiring each Defendant to immediately delete all inaccurate and unauthorized information from Plaintiff's credit reports.

2. Statutory Damages:
   - An award of statutory damages in the amount of $1,000 per violation, per Defendant for violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681b under 15 U.S.C. § 1681n for willful noncompliance.

3. Actual Damages:
   - An award of actual damages, including but not limited to damages for denial of credit, lost credit opportunities, and emotional distress, against each Defendant for violations of the FCRA under 15 U.S.C. § 1681o.

4. Punitive Damages:
   - An award of punitive damages against each Defendant under 15 U.S.C. § 1681n(a)(2) for their willful violations of the FCRA.

5. UCC Violation:
   - An award of damages for violations of UCC § 3-603, including damages for Defendants' continued reporting of discharged debts, against each Defendant individually.

6. Defamation:
   - An award of damages for defamation of Plaintiff's character, including compensatory and punitive damages, against each Defendant for reporting false and unauthorized information on Plaintiff's credit reports.

7. Legal Fees:

ANWAR AALAAM ORIGINAL COMPLAINT: - 11 -

Case 5:24-cv-00209-KDB-DCK   Document 1   Filed 09/24/24   Page 11 of 12

- An award of reasonable legal fees as Plaintiff is acting pro se, against each Defendant independently.

8. Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 24, 2024

Respectfully submitted,

**Anwar Aalaam**
100 Brookmeade Dr
Statesville, NC 28625
Phone: 916-365-5291

_____
Anwar Aalaam, Pro Per
100 Brookmeade Dr.
Statesville, NC 28625

ANWAR AALAAM ORIGINAL COMPLAINT: - 12 -