# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:24-CV-00209-KDB-DCK

| | |
|---|---|
| ANWAR A. AALAAM, **Plaintiff,** v. EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; AND EXPERIAN INFORMATION SOLUTIONS, INC , **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 15, 36) and Plaintiff's Motion for Default Judgment as to Experian Information Solutions, Inc. ("Experian") (Doc. No. 18). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motions to dismiss and **DENY** Plaintiff's motion, which sought a default judgment based on Experian's initial failure to respond to the Complaint, as moot because Experian has since remedied its lack of a response as permitted by the Court's Order dated November 14, 2024. *See* Doc. Nos. 27, 36.

Mr. Aalaam is a frequent litigant in this Court. As reflected in now three lawsuits,[1] he erroneously believes that he does not have to pay valid mortgage and other debts based on the widely discredited "vapor money" theory and/or his contention that Article 3 of the UCC permits

---

[1] He has also filed two actions in this court focused on his state court divorce proceedings, which have been dismissed. *See Aalaam v. Conley*, No. 5:24-CV-00225-KDB-DCK, 2024 WL 4536476, at *3 (W.D.N.C. Oct. 21, 2024); *Aalaam v. Graham*, No. 5:24-CV-00226-KDB-SCR, 2024 WL 4536478, at *2 (W.D.N.C. Oct. 21, 2024).

1

him to simply declare his debts discharged based on his "tender" of so-called "negotiable instruments." His first lawsuit challenged his mortgage lender and the second asserted claims against the same lender and a financial institution that participated in the securitization of his loan. Both were dismissed as meritless. *See Aalaam v. Movement Mortg., LLC*, No. 5:24-CV-00127-KDB-DCK, 2024 WL 3894064, at \*1 (W.D.N.C. Aug. 21, 2024); *Aalaam v. U.S. Bank, et al.*, 5:24-CV-00213 (W.D.N.C. February 12, 2025) (Doc. No. 34).

This case is the third installment in his trilogy of wasteful litigation and targets three credit reporting agencies, Transunion, LLC ("Transunion"), Equifax Information Services, LLC ("Equifax") and Experian, who are charged with violations of the Fair Credit Reporting Act ("FCRA"), Article 3 of the UCC and defamation based on their reporting on seven of Mr. Aalaam's bank, credit card and phone accounts. As discussed briefly below and in more detail in Defendants' respective memoranda in support of their motions, none of the claims are properly supported by sufficient factual allegations and all will be dismissed with prejudice. Further, the Court will order that any future filings relating to the claims argued here (or similar claims based on the same underlying contentions) are subject to the pre-filing screening requirement previously imposed on Mr. Aalaam.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually

sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II.    DISCUSSION

Plaintiff's claims in this action all arise from the Defendants' reporting on his financial accounts as credit reporting agencies. Specifically, Plaintiff alleges that Defendants' credit

3

reporting violated § 1681e(b) and § 1681i of the FCRA, UCC § 3-603, and defamed Plaintiff's character. *See generally* Doc. No. 1.

The Court has previously rejected Plaintiff's meritless "vapor money" theory (which appears to underlie all his contentions even though he asserts otherwise). *See Movement Mortgage*, LLC, 2024 WL 3894064, at *2 ("[c]laims based on 'vapor money' theory have been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss"). However, even if Plaintiff's claims are not dismissed on that ground, Defendants have identified numerous independent grounds that require dismissal. *See* Doc. Nos. 16, 20, 37, 48.

As explained and fully supported in Defendants' briefs, Counts I and II (which assert that Defendants violated § 1681e(b) and § 1681i of the FCRA) fail to sufficiently allege that any information reported by the companies was inaccurate. Plaintiff's allegations of "inaccuracy" are vague, conclusory, and in substance reflect collateral legal attacks on the validity of his underlying debts rather than cognizable factual inaccuracies under the FCRA. Further, the Complaint provides no explanation of how the Defendants' reporting and other procedures were unreasonable. With respect to Count III, which asserts that Defendants violated § 1681b of the FCRA, Plaintiff's claim fails because Plaintiff's consent is not a prerequisite to the Defendants' furnishing of consumer reports in these circumstances. Similarly, Count IV's claim that Defendants violated § 3-603 of the UCC fails because the Defendant consumer reporting agencies are not subject to the UCC with respect to Plaintiff's claims, which are, in any event, unsupported factually and legally. Finally, Plaintiff's claims of defamation in Count V must be dismissed because defamation claims are preempted by the FCRA unless Plaintiff adequately pleads malice, which Plaintiff fails to do.

In sum, each of Plaintiff's claims fails to state a valid claim and all will accordingly be dismissed with prejudice. Also, the Court finds, as it did previously, that Plaintiff's past conduct

requires the imposition of a pre-filing screening order to prevent future improper filings, while still permitting Plaintiff to make all valid filings. *See Aalaam v. U.S. Bank, et al.*, 5:24-CV-00213 (W.D.N.C.) at Doc. No. 34 at 4-7.

### III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motions to Dismiss (Doc. Nos. 15, 36) are **GRANTED**;

2. Plaintiff's Motion for Default Judgment as to Experian (Doc. No. 18) is **DENIED** as moot;

3. The Clerk is directed to close this matter in accordance with this Order; and

4. A pre-filing review system is hereby imposed, and all documents submitted in the future by the Plaintiff, whether in this case or in any other action filed in this District, related in any way to the claims alleged in this action (or similar claims based on the same underlying contentions) will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit may be returned to the Plaintiff without further explanation.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 13, 2025

Kenneth D. Bell
United States District Judge